UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MITCHELL MCGUIRE, )<br>)<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>) | Criminal No. 03-08-P-S<br>Civil No.  07-183-P-S |

### RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Mitchell McGuire has filed a 28 U.S.C. § 2255 motion raising four challenges to his conviction and sentence for violations of 21 U.S.C. § 846 and § 841(b)(1)(B). All four of these grounds are claims that could have been raised on direct appeal; McGuire has not pressed a Sixth Amendment ineffective assistance claim.

*Discussion*

McGuire is entitled to 28 U.S.C. § 2255 relief only if his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack"  28 U.S.C. § 2255 ¶1.

In his first ground McGuire argues:

> In the case at bar, during its deliberations the jury was improperly instructed regarding drug quantity.  Petitioner contends that the jury should have been instructed that in order to hold Petitioner responsible for 5 grams or more of cocaine base it must make one of two findings, either that: 1) Petitioner himself was involved in the distribution of 5 grams of cocaine base, or 2) other members were involved in that amount, and those actions of the coconspirators were both reasonably foreseeable and in furtherance of the jointly undertaken criminal activity.  See, Pinkerton v. United States, 328 U.S. 640 (1946.)

(Sec. 2255 Mem. at 3.) In his second ground he asserts that 21 U.S.C. § 846 is unconstitutional because, as written, it does not require the government prove drug type and quantity as an element of the offense. (Id. at 5-13.) As for his third § 2255 ground, McGuire maintains that the stiff sentence for a cocaine base offense requires a jury finding that the substance was crack. (Id. at 13-14.) And, finally, McGuire challenges the sentencing guidelines for crack offenses and asks that the 100 to 1 ratio be set aside. (Id. at 14-19.) [1]

In his first direct appeal McGuire asked for "review of the district court's decision to admit at his trial: (1) evidence of two episodes during which he engaged in violent acts; and (2) a firearm found at the apartment in which he was arrested." United States v. McGuire, 389 F.3d 225, 227 (1st Cir. 2004). He also appealed this court's finding that he was a career offender for purposes of sentencing. Id. On petition for writ of certiorari the case remanded to the United States Court of Appeals for the First Circuit for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). McGuire v. United States, 544 U.S. 946 (2005). After this Court resentenced him, McGuire appealed again, arguing that his new sentence of 300-months is unreasonably high. United States v. McGuire, No 06-1166, 2006 WL 1752611, 1 (1st Cir. June 28, 2006). He maintained that the career offender guideline "overstates the seriousness of his criminal record, has a disproportionate impact on African-American males like McGuire, and does not reduce recidivism." Id. He further argued "that the disparity in sentencing

---

[1] McGuire moved for a reduction of his sentence based on the recent amendments to the sentencing guidelines addressing this particular issue. (Crim. No. 03-08-P-S, Docket No. 187.) The Court denied that motion, having concluded that his sentence was based on his career offender status. (Id., Docket 189.) McGuire has appealed that determination to the First Circuit.

2

between crack and powder cocaine offenses is unwarranted, and that the sentence does not adequately reflect his post-conviction rehabilitation." Id.

Each of these four 28 U.S.C. § 2255 claims could have been but were not raised on direct appeal:

> "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Reed v. Farley, 512 U.S. 339, 354 (1994) (internal citation omitted). The principles of finality, federalism, and comity inform the scope of habeas review. Sanna v. Dipaolo, 265 F.3d 1, 7 (1st Cir.2001) (citing Brecht v. Abrahamson, 507 U.S. 619, 633-35(1993); Teague v. Lane, 489 U.S. 288, 308-10 (1989)). Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence. Bousley v. United States, 523 U.S. 614, 622 (1998).

Berthoff v. United States, 308 F.3d 124, 127 -28 (1st Cir.2002). McGuire, a defendant who was twice sentenced by this Court and who had two appeals heard by the First Circuit, has not attempted to demonstrate cause for his procedural default. See United States v. Frady, 456 U.S. 152, 168 (1982).[2]

I recommend that the Court summarily deny McGuire's 28 U.S.C. § 2255 motion.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

---

[2] I granted McGuire an extension of time to file a reply to the Government's response to his motion (Docket No. 11) and McGuire did not file anything within that extended time period. In fact, the Government in its memorandum carefully explains why none of these procedurally defaulted grounds has any merit in any event.

3

       Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

May 2, 2008.

                                      /s/Margaret J. Kravchuk
                                      U.S. Magistrate Judge