UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MITCHELL MCGUIRE, | ) |
|     Petitioner | ) ) ) |
| v. | ) 2:07-cv-00183-GZS |
| UNITED STATES OF AMERICA, | ) ) ) |
|     Respondent | ) ) |

**RECOMMENDED DECISION
ON MOTION FOR SECOND OR SUCCESSIVE APPEAL
UNDER 28 U.S.C. § 2255**

Mitchell McGuire has filed a motion in this Court which he has entitled a "motion for second or successive appeal." The title of McGuire's motion is factually correct. This motion represents his second attempt in this Court to obtain relief under 28 U.S.C. § 2255. His first Section 2255 petition was denied on the merits and no appeal was ever taken from that judgment. (ECF No. 15, Order Affirming Recommended Decision.) His current motion alleges that it raises new issues unrelated to the first petition and is based primarily on an argument of sentence disparity based upon the amount of crack cocaine attributed to him for sentencing purposes. McGuire offers no argument or explanation as to why the motion is being filed in this Court and I recommend that it be summarily dismissed without prejudice to McGuire's right to pursue whatever remedies may be available to him in the First Circuit Court of Appeals.

Section 2244 of the federal habeas corpus statute provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). See also id. § 2255(h). McGuire openly acknowledges that this motion represents his second attempt to obtain post conviction relief from

this Court and my review of the docket confirms his belief on that score. Given this presentation, this Court lacks jurisdiction to hear the motion. 28 U.S.C. §§ 2244(a), (b)(3)(A), 2255(h); Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997) ("AEDPA's prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward."). I recommend that the motion be summarily dismissed without prejudice and without further proceedings.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

July 26, 2012                           /s/ Margaret J. Kravchuk
                                        U.S. Magistrate Judge